John Antonio EVANS, Appellant

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,
Appellee.

No. 11–7138.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 28, 2012.

Gregory Wayne Gardner, Law Office of Gregory W. Gardner, PLLC, Washington, DC, Terrell N. Roberts, III, Roberts & Wood, Riverdale, MD, for Appellant.

Carol B. O'Keeffe, Mark Francis Sullivan, Gerard J. Stief, Washington Metropolitan Area Transit Authority, Office of the General Counsel, Washington, DC, Nicholas Stephen Nunzio, Jr., for Appellee.

Before: BROWN and KAVANAUGH, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

ORDERED and ADJUDGED that the District Court's judgment of October 6, 2011, be AFFIRMED.

John Antonio Evans sued WMATA for injuries he sustained in an accident involving a WMATA bus. The bus had a video recording system, but the recording system broke several weeks before the accident. Evans asserts that WMATA's failure to maintain it required the District Court to give a missing evidence instruction. Because no recording of the accident ever existed, the District Court was not required to give such an instruction. *See Battocchi v. Washington Hospital Center,* 581 A.2d 759, 765 (D.C.1990). Evans also asserts that WMATA referred to the malfunctioning recording system during closing argument and thus opened the door for Evans to inform the jury about the system. But WMATA's attorney was simply attempting to convey to the jury that eyewitness testimony is imperfect, and the District Court therefore correctly ruled that Evans was not permitted to inform the jury about the recording system. Finally, Evans asserts that the jury's verdict was inconsistent. But the verdict was a straightforward application of the last clear chance doctrine.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.